IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGES BENAMOU; DOMINIQUE IFERGAN; AND MICHELLE TUSTES**, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3367-L** |
| | § | |
| **WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR, CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007 FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES**, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to the 191st Judicial District Court of Dallas County, Texas, from which it was removed.

## I.     Standard for Subject Matter Jurisdiction

Defendants removed this case on October 19, 2015, based on diversity and the amount in controversy.  A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred

by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*"). As this action was removed on the basis of diversity of citizenship and the amount in controversy, the court turns to that issue.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly

**Memorandum Opinion and Order – Page 2**

and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

      A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

      For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith.  28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the $75,000

**Memorandum Opinion and Order – Page 3**

jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## II.    Discussion

Defendant Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo" or "Defendant") removed this mortgage foreclosure action on October 19, 2015, based on diversity of citizenship. Defendant's Notice of Removal states: "This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000."  Def.'s Notice of Removal 2.  Regarding the parties' citizenship, Defendant states that it is a citizen of South Dakota, and "Plaintiffs Georges Benamou, Dominique Ifergan and Michelle Tustes are alleged to be residents of Dallas, Texas and are accordingly citizens of the State of Texas."  *Id.* at 3.  Plaintiffs' state court pleadings similarly allege that Plaintiffs are individuals "residing" in Dallas County, Texas.  Pls.' Orig. Pet. 2.

As noted above, however, residency and citizenship are not synonymous, and mere residence in a state is insufficient for purposes of diversity and citizenship.  Thus, even assuming that the jurisdictional amount in controversy is satisfied, the court concludes that it lacks jurisdiction because it is not apparent from the Notice of Removal or Plaintiffs' pleadings whether there is complete

diversity of citizenship.   Moreover, Defendant does not allege that a federal question exists to

support jurisdiction, and the court concludes that one does not exist.   Defendant has therefore failed

to meet its burden of establishing subject matter jurisdiction, and remand or dismissal of the action

is mandated.   *See Stafford*, 945 F.2d at 805.

## III.   Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action and *sua*

*sponte* **remands** it to the 191st Judicial District Court of Dallas County, Texas, from which it was

removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 23rd day of October, 2015.

Sam A. Lindsay
United States District Judge